## BLIXT v. ELTOMA REALTY CO.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. PLEADING (§ 130*)—AFFIRMATIVE DEFENSE.
  The objection that a purchaser, in a contract which did not make time of the essence, made time of the essence by serving on the vendor a notice that time would be made of the essence on the adjourned date fixed for the completion of the contract, and by demanding on that date the return of the earnest money, and thereby elected to treat the contract as at an end, so that he could not thereafter sue for specific performance, was new matter by way of avoidance, and must in such an action be pleaded in the answer.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 283; Dec. Dig. § 130.*]

2. APPEAL AND ERROR (§ 837*)—QUESTIONS REVIEWABLE—PLEADINGS—ISSUES.
  Where the proof of new matter by way of avoidance, not pleaded in the answer, was received, and the court made an affirmative finding of fact to that effect, but defendant made no request to have the answer amended to conform to the proof, the matter could not be considered on appeal for the purpose of reversing the judgment for plaintiff.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3275; Dec. Dig. § 837.*]

3. ADVERSE POSSESSION (§ 112*)—TITLE—BURDEN OF PROOF.
  One who claims marketable title by virtue of adverse possession without a complete record title has the burden of establishing his right.
  [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 651-668; Dec. Dig. § 112.*]

4. EVIDENCE (§ 18*)—JUDICIAL NOTICE.
  The court cannot take judicial cognizance of the condition of the real estate market changing from time to time.
  [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. § 18.*]

Appeal from Special Term, Kings County.

Action by Axel E. Blixt against the Eltoma Realty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Charles C. Suffren, for appellant.

Emil Schneeloch (H. Schieffelin Sayers, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J. The defendant appeals from a judgment entered against it for the specific performance of a contract to convey real property. The question involved in the appeal is quite narrow. The defendant, as vendor, agreed to sell to the plaintiff certain real property described in a written contract. Time was not made of the essence of the contract. The day for the closing of the title was adjourned several times. Then the plaintiff served the defendant with a written notice that time would be made the essence of the contract on the .adjourned date. When that day came, the plaintiff refused to take the title tendered by the defendant, on the ground that the defendant at that time had no record title prior to 1900. On the same date the plaintiff served a notice in writing on the defendant, demanding the return of the earnest money paid under the contract, together with the costs of searching the title. This demand not being complied with, the plaintiff began an action asking relief in the alternative form, either for specific performance, or for his damages; that is, for his deposit and the cost and expenses incurred by him. The defendant answered, denying generally certain allegations of the complaint, and setting up good title by adverse possession. The action dragged along for more than a year before coming to trial. When it came to trial, the plaintiff claimed that the title had become marketable in the meanwhile, because of the act of the defendant in perpetuating certain testimony in regard to the adverse possession, and elected to take such title as the defendant had then and there. The defendant put in no evidence whatever in support of its claim that it had good title by adverse possession on the final closing day of the title. Judgment was awarded for the plaintiff.

The chief contention of the appellant is that the plaintiff, by making time the essence of the contract, and by serving a notice in writing demanding the return of the deposit money, had elected to treat the contract as at an end, and therefore could not maintain an action for specific performance of it. I think that this objection would have been good if the defendant had pleaded it as an affirmative defense. Monds v. Birchell, 59 Misc. Rep. 287, 112 N. Y. Supp. 249. It was new matter, by way of avoidance, and therefore should have been pleaded in the answer. It is true that proof was given of this circumstance on the trial, and that an affirmative finding of fact to this effect was made by the court on the defendant's request. Yet the defendant made no request to have its answer amended to conform to its proof, and in my opinion this question cannot be considered on appeal, for the purpose of reversing the judgment entered below.

There is also some discussion in the appellant's brief to sustain its claim that at the time set for the closing of the title it had as a matter of fact a marketable title resting upon adverse possession. I think the true rule of law is that where one claims to have a marketable title by virtue of adverse possession, without a complete record title, the burden is upon the party asserting such right to establish it. As before stated, no proof was given by the defendant to show adverse possession in it or its predecessors in title, although such an allegation was made in the answer. Considerable time elapsed between the trial of the case and the time set for the completion of the contract, and per-

haps there was some change in the value of the property in the meantime which might have influenced the court to decline to decree specific performance. Yet there is no proof whatever on the subject, and we cannot take judicial cognizance of the condition of the real estate market, as it changes from time to time.

I recommend, therefore, that the judgment be affirmed, with costs. All concur.